The decision of the district court is AFFIRMED in all respects.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Paul S. SHRIVER, Defendant–Appellant.**

**No. 91–3194.**

United States Court of Appeals, Eleventh Circuit.

Aug. 5, 1992.

---

**5.** The twelve *Johnson* factors include: (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or other circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The "undesirability" of the case; (11) The nature and length of the professional relationship with the client; (12) Awards in similar cases. *In the Matter of First Colonial Corp. of America*, 544 F.2d 1291, 1299 (5th Cir.), *cert. denied*, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977); *Johnson*, 488 F.2d at 717–19.

George E. Tragos, Clearwater, Fla., for defendant-appellant.

Jeffrey F. Michelland, Asst. U.S. Atty., Ft. Myers, Fla., for plaintiff-appellee.

Before EDMONDSON, Circuit Judge, RONEY* and GIBSON**, Senior Circuit Judges.

EDMONDSON, Circuit Judge:

Appellant, Paul S. Shriver, obtained a certified copy of a Notice of Federal Tax Lien ("Lien Notice") filed by the IRS from the Charlotte County Courthouse in Florida. The tax lien against Shriver covered the years 1980 through 1984. Before the IRS filed this lien, Shriver had transferred title to his real property in Charlotte County to his wife. After obtaining the Lien Notice, Shriver stamped the words "VOIDED BY FLA.STATUTES" on the face of the document and annotated it with the handwritten date, "June 13, 1989," and the signature "P. White." Shriver then filed the altered Lien Notice at the Charlotte County Courthouse.

Shriver was indicted by a federal grand jury and charged in Count I with corruptly endeavoring to obstruct and impede the due administration of Title 26, United States Code, by interfering with the efforts of the IRS to collect tax deficiencies owed by Shriver, in violation of 26 U.S.C. § 7212(a). Count II charged that Shriver made a false statement to an IRS inspector, in violation of 18 U.S.C. § 1001. Shriver pled guilty to Count I. Shriver appeals the application of the Sentencing Guidelines to his case. We vacate the sentence and remand for resentencing.

## DISCUSSION

### I.

Shriver contends that the district court erred in applying U.S.S.G. § 2F1.1, *Fraud and Deceit*, as the applicable guideline for his conviction of attempting to interfere with the administration of the internal revenue laws. Shriver argues that the court should have applied the guideline specified for the offense in the statutory index to the Sentencing Guidelines, U.S.S.G. Appendix A.

According to the statutory index, the guidelines ordinarily applied to a defendant convicted under 26 U.S.C. § 7212(a) are section 2A2.2, *Aggravated Assault*, and section 2A2.3, *Minor Assault*. The introduction to the statutory index, however, contains an important warning:

> If, in an *atypical case*, the guideline section indicated for the statute of convic-

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

tion is inappropriate because of the particular conduct involved, use the guideline section most applicable to the nature of the offense conduct charged in the count of which the defendant was convicted. (*See* § 1B1.2)

U.S.S.G.App.A (emphasis added).

The statute under which Shriver was convicted proscribes interference with the IRS by corrupt *or* forcible means. 26 U.S.C. § 7212(a). In the present case, Shriver was convicted of corruptly endeavoring to impair or impede the due administration of the tax laws by transferring real estate to his spouse and by filing an altered Lien Notice in an attempt to cause the release of that lien. No evidence in this case suggests that Shriver ever assaulted anyone in trying to meet his objective of defrauding the IRS.

The district court, taking into consideration Shriver's conduct, decided to apply the guideline which most closely tracked his actions—§ 2F1.1 *Fraud and Deceit*—instead of the "assault" guideline specified in the index. This circuit's precedent clearly permits a district court to apply a sentence guideline which reflects the defendant's conduct. *See United States v. Day*, 943 F.2d 1306, 1307 (11th Cir.1991) (sentencing court may use sentencing guideline associated with defendant's actual conduct in lieu of guideline specified for offense charged).

The question about whether a particular guideline applies to a given set of facts is a question of law, *see United States v. Scroggins*, 880 F.2d 1204, 1206 n. 5 (11th Cir.1989), and thus this issue is subject to *de novo* review. Given the particular facts of this case, however, we conclude that the use of the fraud guideline in sentencing Shriver is appropriate.

## II.

■ Shriver asserts that the district court erred in applying a four-level adjustment based upon the dollar amount of the loss involved. Shriver contends that no loss enhancement should be applied because Shriver's wife was the one who received the proceeds of the sale of the house.

The commentary to U.S.S.G. § 2F1.1 states that "if an intended loss that the defendant was attempting to inflict can be determined, this figure will be used if it is greater than the actual loss." U.S.S.G. § 2F1.1, comment. (n.7). According to the plea agreement, Shriver intended to cause a loss to the IRS by transferring his real property to his wife. That his wife actually received the proceeds of the sale is irrelevant to the loss Shriver caused the IRS.

In this case, the intended loss could arguably have been $106,790.18, the assessment on the Lien Notice that defendant attempted to void by altering and refiling the Notice of the Lien. The district court, however, decided to use a lesser amount of $24,663, the amount of money actually gained from the sale of the house.

Because Shriver stipulated in the plea agreement that he transferred the house to his wife to impede and obstruct the tax laws, the proceeds from the sale of the house were appropriate for the court to consider as an identifiable and intended loss. It was therefore not erroneous for the district court to use the $24,663 figure and match that to the mandatory four-level enhancement under Section 2F1.1. *See Scroggins*, 880 F.2d at 1215 (district court's findings of fact with respect to sentencing guideline calculations are subject to "clearly erroneous" standard of review).

## III.

■ Shriver contends that the district court erred in increasing his sentence two levels for obstruction of justice. At the sentencing hearing, Shriver admitted to having denied knowledge of the altered Lien Notice when asked about it by an IRS inspector. Shriver insists, however, that the court erred in imposing an enhancement for obstruction of justice; he says that no false statement he made to the IRS inspector actually impeded the investigation.

Section 3C1.1 of the Guidelines provides for a two-level enhancement "if the defendant willfully impeded or obstructed, or attempted to impede or obstruct the admin-

istration of justice during the investigation or prosecution of an offense." U.S.S.G. § 3C1.1. Under the commentary to section 3C1.1, the enhancement applies only where a defendant makes a "materially false statement ... that *significantly* obstructed or impeded the official investigation...." U.S.S.G. § 3C1.1, comment. (n. 3) (g) (emphasis added). Application of this enhancement is further qualified by the commentary in that simply "making false statements, not under oath, to law enforcement officers" warrants no application of the two-level enhancement. U.S.S.G. § 3C1.1, comment. (n. 4) (b).

Other circuits which have addressed this issue have held that section 3C1.1 requires the false statement to effect significantly the investigation before imposing an enhanced sentence. *See, e.g., United States v. Manning,* 955 F.2d 770 (1st Cir.1992) (two-level enhancement under Section 3C1.1 was inappropriate because defendant's use of false identity in response to arresting officer's inquiries did not cause "significant hinderance to the investigation"); *United States v. Williams,* 952 F.2d 1504 (6th Cir.1991) (section 3C1.1 specifically permits lies to investigating agents if they do not significantly impede the investigation); *United States v. Urbanek,* 930 F.2d 1512 (10th Cir.1991) (false statements denying guilt made to IRS Agent did not support a two-level enhancement under section 3C1.1); *United States v. Fiala,* 929 F.2d 285 (7th Cir.1991) (defendant's denial of guilt could not be said to have significantly obstructed officers' investigation).

In the present case, the record reflects that Shriver made a false statement, not under oath, to a law enforcement officer. He told an IRS Inspector that he had never seen the "voided" Notice of Federal Tax Lien and that he did not know who could have submitted the "voided" Notice of Federal Tax Lien for filing. Therefore, the question is whether Shriver's false statement significantly obstructed or impeded the official investigation or prosecution of the offense.

No evidence in the record shows that Shriver's false statement "significantly ob-

structed or impeded the official investigation." Shriver claimed at the sentencing hearing that the IRS agent to whom he gave the false statement was never misled or deceived because she already knew that Shriver had altered the Notice of the Federal Tax Lien. The government failed to refute Shriver's claim that the IRS Inspector was never deceived. In addition, the government failed to present evidence establishing that the investigation had been in any way hindered.

The government has the burden of proving the applicability of a guideline section which would enhance the offense level. *United States v. Wilson,* 884 F.2d 1355 (11th Cir.1989). The government in this case failed in its burden to establish that Shriver significantly obstructed the official investigation. Because the commentary to section 3C1.1 clearly provides that simply making false statements, not under oath, to law enforcement officers, does not warrant the application of the two-level enhancement, we vacate the sentence imposed and remand for resentencing.

VACATED and REMANDED.