60 F.3d 826
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Roe Anthony JONES, a/k/a Ro Ro, Defendant-Appellant.
 No. 94-5806.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 28, 1995.
Decided: July 6, 1995.
 
 G. Alan DuBois, Assistant Federal Public Defender, Raleigh, NC, for Appellant. Janice McKenzie Cole, United States Attorney, Peter J. Curtin, Special Assistant United States Attorney, Fort Bragg, NC, for Appellee.
 Before HALL, WILKINSON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Roe Anthony Jones pled guilty to theft of personal property, and aiding and abetting that crime, from a residence on Pope Air Force Base in Fayetteville, North Carolina, 18 U.S.C. Secs. 661, 2 (1988), and was sentenced to serve twelve months imprisonment. He appeals his sentence, contending that the district court improperly increased his sentence for obstruction of justice. United States Sentencing Commission, Guidelines Manual, Sec. 3C1.1 (Nov.1993). We affirm.
 
 
 2
 On July 7, 1993, Jones burglarized a home on Pope Air Force Base. Once he had removed some articles from the home and placed them in the carport, Jones called two friends, Christopher and Timothy Eutsey, and asked them to help him. When they arrived, all three removed more items from the house and took them to the Eutseys' house where the items were stored. Jones sold some of the items. Christopher Eutsey pawned other items, and gave some to a girlfriend.
 
 
 3
 Jones' fingerprints were found on the window. He was interviewed by military investigative agents on July 20, 1993. During this interview, Jones denied any involvement, and told the agents that he thought he knew who had committed the burglary, but that he did not know their real names or where they lived. On July 28, 1993, agents again interviewed Jones. This time, he told them that Christopher and Timothy Eutsey had committed the burglary, and that they had threatened to implicate him if he went to the police. He stated that his fingerprints appeared on the window because he had gone to the house to see whether a burglary had actually been committed there. A search warrant was executed at the Eutseys' residence, and most of the stolen items were discovered. The Eutseys admitted their involvement and implicated Jones. In December 1993, Jones and Christopher Eutsey were indicted.
 
 
 4
 Following Jones' guilty plea, the probation officer recommended a two-level obstruction of justice adjustment based on Jones' two false statements to the investigating agents. Jones' attorney argued at sentencing that his statements did not significantly impede the investi gation and thus did not warrant the adjustment. The government asserted that the investigation had been significantly impeded in that the agents had followed up number of leads which would not have been necessary but for Jones' false statements. The government offered to present evidence to support this assertion. However, without hearing the government's evidence, the district court found that the adjustment was properly made.
 
 
 5
 Guideline section 3C1.1 provides for an increase in the offense level if the defendant has willfully obstructed or impeded the administration of justice during his investigation, prosecution, or sentencing, or attempted to do so. One example of obstructive conduct is "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation ... of the instant offense." U.S.S.G. Sec. 3C1.1, comment. n. 3(g).
 
 
 6
 Jones contends that his false statements did not significantly impede the investigation, particularly in view of the fact that in his second statement he identified the Eutseys as participants, something the agents were unaware of until then. Because the question presented is a factual one rather than one which requires an interpretation of the scope of section 3C1.1, the district court's finding is reviewed for clear error. United States v. Saintil, 910 F.2d 1231, 1232-33 (4th Cir.1990).
 
 
 7
 Jones relies on a number of cases which are inapposite in that they hold that mere denial of guilt is insufficient to warrant the adjustment. See United States v. Johns, 27 F.3d 31, 34 (2d Cir.1994) (in presentence interview, defendant denied drug transactions apart from those in indictment); United States v. Surasky, 976 F.2d 242, 246 (5th Cir.1992) (defendant's denial of involvement in escape attempt undercut by information from other prisoners and incriminating physical evidence); United States v. Shriver, 967 F.2d 572, 575 (11th Cir.1992) (defendant made false statement to IRS agent who knew it was false). Jones did more than merely deny guilt. He actively directed the agents away from himself, at first to others whom he said he could not identify, then to the Eutseys.
 
 
 8
 Jones also relies on United States v. Alpert, 28 F.3d 1104, 1107-08 (11th Cir.1994) (in banc), which held that mere flight to avoid arrest, without more, was insufficient for a finding of obstruction of justice, and that the district court could not infer that the defendants' flight slowed the investigation without making specific findings to that effect. Jones argues that the district court inferred obstruction without any evidence that the investigation was impeded. However, the district court had before it definite evidence of Jones' attempts to impede the investigation. This was enough. Section 3C1.1 encompasses attempts to obstruct justice as well successful obstruction. United States v. Hicks, 948 F.2d 877, 886 (4th Cir.1991). Therefore, we find that the district court's application of the adjustment was not clearly erroneous.
 
 
 9
 The sentence imposed by the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED