[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14632
Non-Argument Calendar

_____

D. C. Docket No. 04-00043-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAR DAR PAYE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 26, 2005)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Dar Dar Paye appeals his convictions and sentence for four counts of

making false statements or representations to a federally licensed firearms dealer,

in violation of 18 U.S.C. § 924(a)(1)(A) (Counts One through Four); one count of unlicensed dealing in firearms, in violation of 18 U.S.C. § 922(a)(1) (Count Five); and one count of travel for the purpose of unlicensed dealing in firearms, in violation of 18 U.S.C. § 924(n) (Count Six). As to the four counts of making false statements, the indictment alleged that Paye aided, abetted, counseled, and commanded another person, Lee Woods, to make false representations regarding: (1) four "Bryco" semiautomatic pistols to "Gold and Silver" Pawnshop in May 2003; (2) five "HiPoint" semiautomatic pistols to "Mr. Cash" Pawnshop in June 2003; (3) four "HiPoint" semiautomatic pistols to "The Works" Pawnshop in January 2004; and (4) one "Jennings" semiautomatic pistol to "Gold and Silver" Pawnshop in January 2004. Paye raises three issues on appeal. First, he argues that the government presented insufficient evidence to convict him on every count. Second, he argues that the district court erred by enhancing his sentence for obstructing justice under U.S.S.G. § 3C1.1. Third, he asserts that the district court improperly enhanced his sentence for playing a role as "an organizer, leader, manager, or supervisor" of a criminal activity under U.S.S.G. § 3B1.1(c).

**SUFFICIENCY OF THE EVIDENCE**

Paye argues that the evidence was insufficient to support his convictions. Relying primarily on his own exculpatory testimony, Paye asserts that the evidence

failed to show that he had purchased, shipped, transported, or received firearms; that he traveled to Georgia specifically to acquire a firearm for purposes of selling it for profit; or that he had control over the firearms.

Regarding the false record counts (Counts One through Four), we review these convictions for plain error to avoid manifest injustice, as Paye failed to move for judgment of acquittal on these four counts, as he had on Counts Five (unlicensed dealing in firearms) and Six (travel for the purpose of unlicensed dealing in firearms). United States v. Hunerlach, 199 F.3d 1059, 1068 (11th Cir. 1999). To correct plain error, there must be (1) error (2) that is plain (3) that affects substantial rights, and (4) "seriously affects the fairness, integrity, or public reputation of the judicial proceedings." United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776, 123 L. Ed. 2d 508 (1993).

As to Counts Five and Six, "[w]e review de novo the sufficiency of the evidence to support a conviction." United States v. Marte, 356 F.3d 1336, 1344 (11th Cir. 2004). "In doing so, we look at the record in the light most favorable to the verdict and draw all reasonable inferences and resolve all questions of credibility in favor of the government. The evidence is sufficient where a reasonable trier of fact could conclude that the evidence established guilt beyond a reasonable doubt." Id. at 1344-45.

<u>False Records in Firearm Transactions</u>

In Counts One through Four, Paye was charged with aiding, abetting, counseling, and commanding another to violate 18 U.S.C. § 924(a)(1)(A). Section 924(a)(1)(A) prohibits individuals from "knowingly making any false statement or representation with respect to the information required . . . to be kept in the records of a [federally licensed firearms dealer] . . .." We have held that § 924(a)(1)(A) applies to "straw purchases," in which an ineligible buyer uses a "straw man" to purchase firearms. See <u>United States v. Nelson</u>, 221 F.3d 1206, 1209-10 (11th Cir. 2000) (affirming § 924(a)(1)(A) conviction against defendants who hired individuals to purchase firearms by falsely representing themselves to be the actual buyers when defendants supplied the money for the purchases, intended to possess the firearms, and thus actually bought the firearms).

The government's evidence showed that, on four separate occasions (1) Paye asked Woods, a "straw man," to purchase firearms for him in exchange for a payment; (2) Paye drove Woods to federally licensed dealers; (3) Paye picked out the firearms he wanted and provided the money for the firearms; and (4) Woods falsely represented himself as the actual buyer to federally licensed dealers when in fact Paye was the actual buyer. In fact, on one of the four occasions, ATF Agent Valoze observed Paye instructing Woods to purchase a certain gun and giving

Woods "a wad of money." Looking at the evidence in the light most favorable to the verdict and drawing all reasonable inferences, a reasonable jury could conclude beyond a reasonable doubt that Paye aided and abetted Woods to make false representations with respect to the information required to be kept in the records of a federally licensed firearms dealer.

Unlicensed Dealing in Firearms

In Count Five, Paye was charged with a violation of 18 U.S.C. § 922(a)(1)(A), which prohibits dealing in firearms without a federal license.[1] The Supreme Court has addressed the elements of this statute in a case with circumstances similar to the instant case and held that the evidence there was "unquestionably adequate to prove that petitioner was dealing in firearms and that he knew that his conduct was unlawful." See Bryan v. United States, 542 U.S. 184, 189, 118 S. Ct. 1939, 1944, 141 L. Ed. 2d 197 (1998) (noting that the government's version of the "evidence proved that petitioner did not have a federal license to deal in firearms; that he used so-called 'straw purchasers' in Ohio to acquire pistols that he could not have purchased himself; that the straw purchasers made false statements when purchasing the guns; that petitioner assured the straw

---

[1] Specifically, § 922(a)(1)(A) provides in pertinent part, that it is unlawful for a person, "except a . . . licensed dealer, to engage in the business of . . . dealing in firearms, or in the course of such business to . . . receive any firearm in interstate or foreign commerce."

purchasers that he would file the serial numbers off the guns; and that he resold the guns on Brooklyn street corners known for drug dealing").

Here, the government presented evidence that Paye was not a federal firearms licensee. The government also presented evidence that Paye paid a straw purchaser to acquire firearms Paye could not legally purchase in Georgia. It also presented circumstantial evidence that Paye engaged in the business of dealing in firearms, showing that: (1) Paye traveled approximately 30 hours round trip from New Jersey to Georgia on four occasions for purposes of acquiring firearms; (2) he acquired numerous firearms, including multiple sets of the same firearm; (3) and he instructed Woods to file the serial numbers off the firearms. Further, one of the firearms was found in a high-crime neighborhood in New Jersey in the hands of an unknown individual after Paye had purchased it in Georgia. From this evidence, a reasonable jury could conclude beyond a reasonable doubt that Woods was guilty of dealing in firearms without a federal license.

Travel for Purposes of Unlicensed Dealing

Finally, 18 U.S.C. § 924(n), charged in Count Six, penalizes "[a] person who, with the intent to engage in conduct that constitutes a violation of section 922(a)(1)(A), travels from any State or foreign country into any other State and acquires, or attempts to acquire, a firearm in such other State in furtherance of such

purpose."

In addition to the evidence showing unlicensed dealing as discussed above, the government's evidence showed that Paye traveled on numerous occasions from New Jersey to Georgia for purposes of acquiring firearms and returned to New Jersey with the firearms. Indeed, the government showed that one of the guns acquired by Paye through Woods reached New Jersey, Paye's home state. As such, the government presented evidence from which a reasonable jury could find Paye guilty of traveling for purposes of unlicensed dealing in firearms.

In sum, in challenging the sufficiency of the evidence for his convictions, Paye relies primarily on his own testimony regarding his innocence. However, the jury was not required to accept Paye's exculpatory version of the events. See United States v. Harris, 20 F.3d 445, 452 (11th Cir. 1994) (stating that "a jury is free to choose among the constructions of the evidence"). Accordingly, we affirm Paye's convictions.

**SENTENCING ISSUES**

Obstruction of Justice

Paye argues that the district court erroneously applied the obstruction of justice enhancement based on his alleged perjury at trial because his trial testimony was consistent with his recollection of the events and was nothing more than a

denial of his guilt, which does not support such an enhancement. Citing U.S.S.G. § 3C1.1, cmt. n.4(g), which makes the obstruction enhancement applicable where the defendant provides "a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense," and cases involving that application note, Paye contends that, in any event, the false statements he had made to the investigators and had repeated at trial did not impede the investigation or the prosecution of the case.

We accord special deference to the district court's credibility determinations and review for clear error the district court's application of the obstruction-of-justice enhancement for perjury. United States v. Banks, 347 F.3d 1266, 1269 (11th Cir. 2003). Section 3C1.1 of the Guidelines provides for a two-level enhancement "if [ ] the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction . . .." A defendant may obstruct or impede justice by "committing, suborning, or attempting to suborn perjury." U.S.S.G. § 3C1.1, cmt. n.4(b). For purposes of the § 3C1.1 enhancement, a witness testifying under oath or affirmation commits perjury if he "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or

faulty memory." United States v. Singh, 291 F.3d 756, 763 (11th Cir. 2002)

(quoting United States v. Dunnigan, 507 U.S. 87, 94, 113 S. Ct. 1111, 1116, 22 L.

Ed. 2d 445 (1993)).

According deference to the district court's credibility determinations, the

district court's application of the obstruction enhancement based on the

determination that Paye committed perjury at trial was not clearly erroneous.  Paye

essentially testified at trial that, other than to give Woods rides to the pawn shops,

he took no part in the firearms transactions and that his travel to Georgia on each of

the four occasions was to see an old Army friend.  The record supports the district

court's determination that Paye's statements at trial were willful misrepresentations

that could have affected the judicial process, rather than statements resulting from

confusion, mistake, or faulty memory.  Paye relies on United States v. Uscinski,

369 F.3d 1243, 1247 (11th Cir. 2004) (affirming obstruction enhancement where

defendant's false statements misled government), and United States v. Shriver, 967

F.2d 572, 574-75 (11th Cir. 1992) (stating that making false statements, not under

oath, to law enforcement officers did not warrant the obstruction enhancement), for

his argument that his false statements did not impede the investigation.  However,

those cases are inapposite because in this case the district court applied the

obstruction enhancement based on Paye's testimony at trial, not on false statements

to law enforcement.

Role in the Offense

Paye argues that the district court clearly erred in applying the § 3B1.1(c) role enhancement because his testimony did not show that he was the organizer of the offense and that there was no evidence that he had purchased, shipped, transported, or received firearms.

A district court's decision to enhance a defendant's offense level due to his aggravating role under U.S.S.G. § 3B1.1 is a factual finding that we review for clear error. See United States v. Phillips, 287 F.3d 1053, 1055 (11th Cir. 2002). The Guidelines provide for a two-level increase, in pertinent part, "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity." U.S.S.G. § 3B1.1(c). "[T]he assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement." Phillips, 287 F.3d at 1058 (quoting United States v. Jiminez, 224 F.3d 1243, 1251 (11th Cir. 2000)). "In distinguishing a leadership role, the district court should consider 'the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in the planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and

authority exercised over others.'" Id. (quoting U.S.S.G. § 3B1.1, cmt. n.4). The district court did not clearly err in applying the enhancement for aggravating role in the offense under § 3B1.1(c). As discussed above, the evidence showed that Paye (1) asked Woods to purchase firearms for him in exchange for a payment; (2) drove Woods to various firearms dealers; (3) selected the firearms for purchase and provided money for the firearms; and (4) instructed Woods to file serial numbers off the firearms. Thus, the evidence was sufficient to show that Paye was the organizer of the offense and had direct control over Woods.

Upon review of the record, and after consideration of the briefs of the parties, we find that the there was sufficient evidence to convict Paye of all six charges, and that the district court did not err in its application of the sentencing guidelines. Accordingly, we affirm Paye's convictions and sentence.

**AFFIRMED.**