[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 20, 2003
THOMAS  K. KAHN
CLERK

_____

No. 02-16866
_____

D. C. Docket No. 02-00335-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD ALLEN BANKS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern  District of Georgia

_____

**(October 20, 2003)**

Before TJOFLAT, BIRCH  and GOODWIN\*, Circuit Judges.

GOODWIN, Circuit Judge:

--------

\*Honorable Alfred T. Goodwin, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Richard Allen Banks pled guilty to six counts of fraud in violation of 18 U.S.C. § 1029 (purchase of goods by use of credit cards issued to others) and appeals his sentence, claiming that his release on bond after giving a false name and identification document at arrest does not justify a sentence enhancement for obstruction of justice under the U.S. Sentencing Guidelines Manual § 3C1.1 (2000). Because the application notes following § 3C1.1 permit the enhancement if the mendacity at arrest "actually resulted in a significant hindrance to the investigation or prosecution of the instant offense," § 3C1.1, cmt. n.5(a), and because the district court did not make such a finding, we vacate Banks' sentence and remand for resentencing.

## A. Background

On August 8, 2001, after a series of credit card sales to one "Bob Scott," which were often signed for by one "Bruce Lester," the United States Secret Service, in collaboration with local law enforcement, arranged the controlled delivery of ten computers fraudulently purchased by Bob Scott. Banks was arrested after he posed as Bruce Lester and accepted the shipment. At the time of his arrest, Banks identified himself to authorities as "James Wyckoff III," and provided a Michigan identification card with the same name. Banks also possessed a bogus New Jersey driver's license issued to Bruce Lester, but bearing

the photograph of Banks.

At a Clayton County police station, Banks informed officers of his plan to resell the computers, and agreed to cooperate with authorities by making a controlled sale. After completing the sale, Banks was transported to the Clayton County District Attorney's Office to be interviewed and processed. He was charged with "Theft by Receiving Stolen Property" in violation of state law and, later that day, was released on a $5,000 bond under the name James Wyckoff III. On October 12, 2001, the bondsman, cautious about the risk on his bond, informed the Secret Service that James Wyckoff III was in fact Banks, and that Banks had been arrested in Gwinnett County, Georgia, while plying his trade in identity theft and credit card fraud.

On May 21, 2002, a federal grand jury indicted Banks on six counts of fruad in violation of 18 U.S.C. § 1029 for his activities between June 20, 2001, and August 3, 2001. Banks pled guilty to all six counts. The Presentence Report ("PSR") recommended a two-level sentence enhancement for obstruction of justice pursuant to § 3C1.1 of the sentencing guidelines, because "[d]uring the course of the investigation of the instant offense, the defendant provided a materially false statement to a law enforcement officer, that is that his true name was James Wyckoff III, that was intended to significantly obstruct or impede the

official investigation of the instant offense." The PSR further stated that Banks "bonded out under a false name and investigating agents would have lost him had it not been for a bondsman contacting them after the defendant incurred new charges in Gwinnett County." Banks objected to the PSR's recommendation, arguing that the false name and identification document he provided at arrest did not significantly obstruct either the investigation or the prosecution of his offense.

At the sentencing hearing, the court began by stating: "Let the record reflect the court has read the presentence report in its entirety and the court hereby adopts all of the findings contained therein except as to paragraphs 46 and 48, both of which are at issue because the defendant interposed an objection to the findings contained therein." Banks reasserted his argument that his conduct had not resulted in significant hindrance to the investigation or prosecution of the offense. In reply, the government stated that it concurred with the recommendation and rationale of the PSR, and argued that other circuits have held that the enhancement is warranted for lying to the court, a probation officer or a pretrial services officer.

The trial judge recognized that there was no published opinion in this circuit dealing squarely with the sentencing consequences of securing release on bond after giving a false name and identification to arresting officers. After conducting a detailed colloquy, the court stated: "Let the record reflect for the two reasons

4

given by the government, reinforced by the presentence report, that the court is going to resolve those two guideline issues in favor of the government and against the defendant . . . ."[1]  However, the court stopped short of entering in the record a specific finding of fact that Banks' release on bond under a false identity actually resulted in a significant hindrance to the investigation or prosecution of the crime of conviction.

## B.     Standard of Review

In a sentencing guidelines appeal, we begin with 18 U.S.C. § 3742.  See United States v. Williams, 340 F.3d 1231, 1235 (11th Cir. 2003) ("[I]t is both confusing and improper for a court of appeals, or the parties appearing before it, to fail to cite this statute (or a case interpreting this statute) in a sentencing guidelines appeal.").  The statute provides that the court of appeals "shall accept the findings of fact of the district court unless they are clearly erroneous and . . . shall give due deference to the district court's application of the guidelines to the facts."  18 U.S.C. § 3742(e).

This court recently explained the different levels of deference accorded a district court's application of the obstruction of justice enhancement.  See

---

[1]     The second guideline issue at sentencing was Banks' objection to the PSR's recommended denial of an acceptance of responsibility reduction.  He has not raised the acceptance of responsibility issue on appeal.

5

Williams, 340 F.3d at 1240-41. Where, for example, the district court must make a particularized assessment of the credibility or demeanor of the defendant, such as when applying the obstruction of justice enhancement for perjury, we accord special deference to the district court's credibility determinations, and we review for clear error. See id. at 1241 (citing United States v. Singh, 291 F.3d 756, 764 (11th Cir. 2002)). Conversely, where the defendant's credibility or demeanor is not at issue, and the defendant's conduct can be clearly set forth in detailed, non-conclusory findings, we review de novo the district court's application of the enhancement to those facts. See Williams, 340 F.3d at 1241 (citing United States v. Taylor, 88 F.3d 938, 941-42 (11th Cir. 1996)). Here, because the operative facts were not in dispute, the district court was confronted with the necessity of deciding, as a matter of law, whether the undisputed facts triggered the enhancement for obstruction of justice. We review this conclusion as a ruling on a question of law.

## C. Discussion

Before a reviewing court can efficiently rule on a question of law, it must have a factual record upon which to apply the law. In United States v. Alpert, 28 F.3d 1104 (11th Cir. 1996) (en banc), this court stated that "a district court applying the enhancement because a defendant gave a false name at arrest must

6

explain how that conduct significantly hindered the prosecution or investigation of the offense." 28 F.3d at 1107-08. In remanding the case, the court explained that if the district court chose to apply the § 3C1.1 enhancement, "it should note specifically what each defendant did, why that conduct warrants the enhancement, and, if applicable, how that conduct actually hindered the investigation or prosecution of the offense." Id.

The issue here is whether the sentencing court made findings of conduct that "actually resulted in a significant hindrance to the investigation or prosecution of the instant offense." § 3C1.1, cmt. n.5(a). The record before us contains only the district court's recital of its agreement with the argument of the prosecutor and with the broader recommendation of the presentence report. The district court made no finding describing how the investigation or prosecution of the offense of conviction would have been helped or hindered by the defendant giving truthful identification at the time of arrest and during pretrial periods thereafter. We express no opinion as to how the district court should evaluate the evidence, but we conclude that we cannot proceed with appellate review of this sentence until after findings are made by the sentencing court in the language of § 3C1.1 and in accordance with Alpert.

For these reasons, we hold that it is not enough for the sentencing court to

7

adopt the uncontested portions of the PSR, hear the defendant's objections and the arguments of counsel, and recite its agreement with the arguments of the prosecutor and the recommendation of the PSR. See Alpert, 28 F.3d at 1108.

The government contends that, even if the district court's findings are inadequate, the enhancement should be upheld under United States v. Taylor because the record demonstrates that Banks' misrepresented his criminal history by concealing his identity, secured release on bond under a false name, committed crimes after release on bond, and was apprehended only after authorities fortuitously received a third-party tip. The defendant in Taylor also argued that the district court's noncompliance with Alpert rendered the obstruction of justice enhancement improper. Taylor, 88 F.3d at 944. The court disagreed, stating that "[a]lthough the district court did not make individualized findings regarding the obstruction of justice enhancement, the record clearly reflects the basis for the enhancement and supports it; a remand is not necessary." Id.

Here, unlike Taylor, the record does not support the enhancement. Banks' conduct at arrest - providing the false name and identification document - cannot support an obstruction of justice enhancement without a finding that the conduct actually resulted in a significant hindrance to the investigation or prosecution of the instant offense. See § 3C1.1, cmt. n.5(a); cf. United States v.

8

Shriver, 967 F.2d 572, 575 (11th Cir. 1992) ("[T]he commentary to section 3C1.1 clearly provides that simply making false statements, not under oath, to law enforcement officers, does not warrant the application of the two-level enhancement . . . ."). The PSR, which the district court referenced, found a significant hindrance because Banks "intended to significantly obstruct or impede the official investigation," because Banks "bonded out under a false name," and because "investigating agents would have lost him" had they not received a tip from a bondsman.

However, neither Banks' intent to obstruct justice, nor the potential that Banks may have evaded investigation or prosecution, can constitute a significant hindrance because application note 5(a) explicitly states that the conduct must have "actually resulted" in a hindrance. § 3C1.1, cmt. n.5(a); cf. Shriver, 967 F.2d at 575 ("[T]he government failed to present evidence establishing that the investigation had been in any way hindered."); see also United States v. Williams, 288 F.3d 1079, 1081 (8th Cir. 2002) (holding enhancement improper where "the government failed to provide evidence of the extent that [defendant's] dishonesty hindered its efforts."); United States v. Solano-Godines, 120 F.3d 957, 964 (9th Cir. 1997) ("The enhancement is not warranted for merely attempting to hinder the investigation by use of an alias or other misstatements." (no emphasis added)); but

9

see United States v. Rickett, 89 F.3d 224, 226-27 (5th Cir. 1996) (affirming

enhancement despite no finding of how arrest of innocent person and necessity of

superseding indictment due to defendant's false identity actually hindered

investigation or prosecution).

Banks' release on bond under a false identity and concealment of his

extensive criminal history do not constitute a significant hindrance for the same

reason: we are left to speculate about how the bond proceedings, investigation or

prosecution would have been different had Banks' true identity been known.[2] The

government surmises that Banks' extensive criminal history would have precluded

---

[2] We note that the record before us cannot support the enhancement under an alternative application note. The record contains no evidence that Banks presented his false identification document at any time other than his arrest (which distinguishes § 3C1.1, cmt. n.4(c)), that he appeared before a judge or magistrate (which distinguishes § 3C1.1, cmt. n.4(f)), or that he was in contact with a probation officer before posting bond (which distinguishes § 3C1.1, cmt. n.4(h)). While providing a false name and identification document at arrest may constitute "a materially false statement to a law enforcement officer" under application note 4(g), the facts here are more similar to the example in application note 5(a) in that Banks gave a false name and identification document at arrest. In any event, assuming that providing a false name would be material, see § 3C1.1, cmt. n.6, our analysis would be the same because application note 4(g) requires a showing that the materially false statement "significantly obstructed or impeded the official investigation or prosecution of the instant offense." § 3C1.1, cmt. n.4(g); see also United States v. Solano-Godines, 120 F.3d 957, 964 (9th Cir. 1997) ("[U]nder both relevant application notes - [5](a) and [4](g) - [defendant's] false self-identification and false statement to law enforcement officers do not warrant the two level enhancement unless his conduct actually resulted in a significant hindrance to the investigation or to his prosecution."); United States v. Surasky, 976 F.2d 242, 246 (5th Cir. 1992) ("Even though the 'significant hindrance' requirement [from earlier cases] was derived from application note [5](a) in the context of the use of aliases, we believe that application note [4](g) imposes a roughly similar requirement of significant obstruction or impediment upon cases, such as this one, in which a defendant makes a false statement to law enforcement officials.").

him from obtaining release on bond, but, as it conceded at oral argument, the record contains no evidence to support this assumption.

The government has argued that Banks' criminal conduct after being released on bond also supports the enhancement. We fail to see how Banks' later crimes actually obstructed the administration of justice with regard to the offense of conviction. See United States v. Bagwell, 30 F.3d 1454, 1458 (11th Cir. 1994) ("The plain language of the relevant portion of the provision requires that the obstructing conduct occur 'during the investigation . . . of the instant offense' - that is, the offense of conviction."). In fact, it appears that authorities uncovered Banks' true identity when he was apprehended for subsequent criminal activity.[3]

To show that Banks' conduct actually resulted in a hindrance, the government must demonstrate how it fruitlessly spent investigation or prosecution resources due to Banks' untruthfulness. See, e.g., United States v. Thomas, 86 F.3d 263, 263-64 (1st Cir. 1996) ("The district court did not err in concluding that the shift in prosecution resources and attention constituted a 'significant hindrance' within the meaning of § 3C1.1, comment. (n.[5](a))"); Williams, 288 F.3d at 1081 ("The government could have, for example, produced a witness to

---

[3] But, as stated supra, there is no evidence in the record that either the state or federal government attempted to investigate or prosecute "James Wyckoff III" prior to being informed that the perpetrator was actually Banks.

11

testify to the amount of time that it expended in the effort to resolve the identity question."). In other words, the government must present evidence of what action it took that it would not have taken had Banks' identity been known at arrest. See United States v. Manning, 955 F.2d 770, 774-75 (1st Cir. 1992) (vacating enhancement for lack of significant hindrance because "unclear that the investigation would have proceeded any differently or any faster had [defendant] simply stated [his true identity] at the time of his arrest").

**D. Conclusion**

A court of appeals is not a fact finding body. It reviews the application of law to facts found and recorded as found by the trier of fact. While it may make some pragmatic sense to save time and judicial resources by holding that a given sentencing court's legal conclusion is probably consistent with facts that can be circumstantially combed from the colloquy and the record, such a short cut makes a sentence vulnerable to challenge for failing to specify in the record its factual basis. See, e.g., Alpert, 28 F.3d at 1108 ("We merely hold that the district court's findings were insufficient to permit application of the enhancement."). Specific findings of how the false identity hindered, impeded or delayed the investigation or prosecution of the crime of conviction, as distinguished from generalized bad conduct, to avoid arrest and detention, would permit a reviewing court to match

12

the trial court's findings with the text of the sentencing guideline and the relevant application notes, and quickly discern whether the legal conclusion of obstruction was supported by the facts found.

VACATED and REMANDED.