[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 23, 2006
THOMAS K. KAHN
CLERK

No. 05-13692
Non-Argument Calendar

_____

D. C. Docket No. 03-00669-CR-2-WBH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD MASON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 23, 2006)**

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Leonard Mason appeals his 21-month sentence for conspiracy to "knowingly cause false representations to be made with respect to information required to be kept in the records of a federal firearms licensee," 18 U.S.C. §§ 371, 924(s)(1)(A), and conspiracy to "knowingly and willfully engage in the business of dealing in firearms without a license," 18 U.S.C. §§ 371, 922(a)(1)(A). Mason argues that the district court erred when it enhanced his offense level at sentencing for obstruction of justice. We affirm.

## I. BACKGROUND

Mason and James Pray were indicted together in a superseding indictment on January 20, 2004, for multiple federal firearms offenses. Mason pleaded not guilty and proceeded to trial. At the close of the trial, the jury found Mason guilty.

On June 23, 2004, the district court conducted a sentencing hearing. At the hearing, the district court heard argument on the application of an enhancement for obstruction of justice under section 3C1.1 of the federal Sentencing Guidelines. The government argued that the obstruction enhancement was appropriate for two reasons. First, the government argued that the enhancement was warranted because, after learning that federal agents had interviewed Pray, Mason called Rashaud Wayns, a convicted felon who purchased firearms from Mason and Pray, and instructed him to "clean his house." Wayns, who testified at trial, interpreted

2

the comment as a direction to discard the firearms he possessed. Second, the government argued that the enhancement was warranted because, after federal agents came to Mason's house to talk with him, Mason filed a false police report with the Cobb County, Georgia, Police Department and claimed that nine pistols were stolen from his unlocked vehicle. Two months later, when the agents interviewed Mason at his home, Mason told the agents that weapons were stolen from him and presented a copy of the police report to the agents.

Mason argued that the enhancement was not appropriate because there was no evidence that Mason's false report had impeded significantly the investigation or prosecution. The district court overruled the objected and enhanced the sentence based on the false police report that Mason had filed. The district court found that the report had caused a delay of several months. Immediately before stating the calculation of the sentencing range under the Guidelines, the district court also found that Mason had "warn[ed] his co-defendant in Washington or co-conspirator in Washington."

With a two level enhancement, the district court calculated the appropriate offense level to be 18, the criminal history category to be I, and the guideline imprisonment range to be 27 to 33 months. After considering several factors, including the serious nature of the crime, Mason's limited criminal history, and the

3

fact that Mason had been a good father and had a good work record, the district court concluded that a sentence below the guideline range would be sufficient to punish and deter Mason and entered a sentence of 21 months of imprisonment and 3 years of supervised release. Mason appeals the obstruction of justice enhancement.

## II. STANDARD OF REVIEW

We review findings of fact by the district court for clear error. United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005). Whether the facts trigger an enhancement for obstruction of justice is a question of law we review de novo. See United States v. Banks, 347 F.3d 1266, 1269 (11th Cir. 2003).

## III. DISCUSSION

Under section 3C1.1 of the Sentencing Guidelines, a defendant's offense level is enhanced by two levels if he willfully obstructed or attempted to obstruct "the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction," and the obstructive conduct relates to the defendant's offense of conviction or a closely related offense. U.S.S.G. § 3C1.1. The application notes to section 3C1.1 provide a non-exhaustive list of examples of obstructive conduct for which the enhancement would be appropriate. See id. cmts. Application note 4(d) lists the act of "destroying or concealing or

4

directing or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding . . . or attempting to do so." U.S.S.G. § 3C1.1, cmt. 4(d). Application note 4(g) lists the act of "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense." U.S.S.G. § 3C1.1, cmt. 4(g). We require clear factual findings to determine if the application of section 3C1.1 is supported. See United States v. Alpert, 28 F.3d 1104, 1107-08 (11th Cir. 1994) (en banc). When the district court applies the obstruction of justice enhancement, "it should note specifically what each defendant did, why that conduct warrants the enhancement, and, if applicable, how that conduct actually hindered the investigation or prosecution of the offense." Id. at 1108.

The district court applied the enhancement because it concluded that Mason had provided a false statement to a law enforcement officer that significantly obstructed the investigation of the offense. The district court stated that Mason's false police report delayed the investigation and prosecution by several months. The district court provided no further explanation.

The district court failed to follow our admonition in Alpert that a court must provide a specific explanation for the enhancement of a sentence based on a false

statement to a law enforcement officer. The district court did not explain how Mason's conduct actually caused a delay in either the prosecution or investigation. See id. The record also does not reveal how, if it all, Mason's action delayed the investigation.

Mason's appeal nevertheless fails for another reason. We may affirm the application of the enhancement on any ground supported by the record. United States v. Amedeo, 370 F.3d 1305, 1319 n.12 (11th Cir. 2004). The record reveals an alternate basis for the enhancement.

Mason's attempt to direct Wayns to destroy or conceal material evidence is sufficient to support the enhancement for obstruction under comment 4(d) to section 3C1.1. At trial, Wayns testified that Mason called Wayns and warned him to "clean his house," which Wayns understood to mean he should get rid of his guns. At sentencing, the district court found that Mason had warned his coconspirator, and this finding by the district court was not clearly erroneous. In contrast with application note 4(g), note 4(d) does not require the government to show that the order to destroy or conceal evidence significantly impeded the investigation. The finding of the district court supports the enhancement on this alternative basis.

## IV.  CONCLUSION

Mason's sentence is

**AFFIRMED.**