[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11884
Non-Argument Calendar

_____

D. C. Docket No. 06-20496-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANTZ ACHILLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 12, 2008)**

Before TJOFLAT, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Frantz Achille was convicted of one count of conspiracy to defraud the

United States, in violation of 18 U.S.C. § 1349, and five counts of health care fraud, in violation of 18 U.S.C. §§ 1347 and 2 in connection with his role as a medical doctor in two different AIDS and HIV clinics where he and his co-conspirators filed fraudulent Medicare claims for the cost of prescribed medications and treatments that were not medically necessary. Following a jury trial, he was sentenced to 78 months' imprisonment.

On appeal, Achille argues that the district court erred by (1) admitting expert testimony under Fed. R. Evid. ("Rule") 403, (2) enhancing his offense level for risk of death or serious bodily injury under U.S.S.G. § 2B1.1(b)(12)(A), and (3) enhancing his offense level for obstruction of justice under U.S.S.G. § 3C1.1. After a thorough review of the record, we affirm.

1. Admission of Expert Testimony

"A defendant must object at trial to preserve an objection on appeal; the overruling of a motion in limine does not suffice." United States v. Khoury, 901 F.2d 948, 966 (11th Cir. 1990). Where a defendant fails to preserve an issue for appeal, we review for plain error only. See United States v. Edouard, 485 F.3d 1324, 1343 (11th Cir. 2007). To prevail under the plain error standard, an appellant bears the burden of demonstrating that (1) the district court plainly erred, and (2) the error implicated his substantial rights. Id. at 1343, n.7. We may then

2

correct the error if the error has "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." Id. Here, we will review for plain error because Achille failed to make a contemporaneous objection at trial to the admission of the expert testimony.

Rule 403 provides, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Evidence is relevant or probative when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. "Rule 403 does not mandate exclusion merely because some overlap exists" among different types of evidence. United States v. De Parias, 805 F.2d 1447, 1454 (11th Cir. 1986), overruled on other grounds, United States v. Kaplan, 171 F.3d 1351 (11th Cir. 1999). "The jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial, and the court must accept all reasonable inferences and credibility determinations made by the jury." United States v. Garcia, 447 F.3d 1327, 1334 (11th Cir. 2006) (quotation omitted).

Achille challenges the admission of testimony from expert witness Dr.

3

Moreno on the grounds that the evidence was prejudicial and duplicative.

After a review of the evidence and viewing the testimony in the light most favorable to admission, we conclude that the expert testimony, now challenged, was probative and not unfairly prejudicial. Dr. Moreno testified that the treatment prescribed by Achille was not within the accepted standard of care for treatment of AIDS patients, that the treatment was administered improperly, and that such treatment could have caused serious bodily harm. Given the nature of the charges, such testimony was relevant and probative. Accordingly, the district court did not plainly err in admitting the expert testimony.

2. Enhancement for risk of death or serious bodily injury

"Although the Sentencing Guidelines are no longer mandatory after United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), district courts must continue to determine the appropriate guidelines sentencing range under the law as they did prior to Booker." United States v. Kinard, 472 F.3d 1294, 1297 (11th Cir. 2006). "We review for clear error the district court's findings of fact regarding whether a defendant should receive an enhanced sentence under the Guidelines." United States v. Campbell, 491 F.3d 1306, 1315 (11th Cir. 2007) (quotation and ellipsis omitted). A district court's choice between permissible views of the evidence cannot be clear error. United States v. Ndiaye,

4

434 F.3d 1270, 1305 (11th Cir. 2006). "We review de novo the district court's interpretation of the Guidelines and its application of the Guidelines to the facts." Id. (quotation omitted).

Achille argues that patients at his clinics were not at risk of death or serious bodily injury because prescribed medications were never given to the patients.

Section 2X1.1 of the Sentencing Guidelines applies to conspiracies that are not covered by a specific offense guideline and instructs that the base offense level for the conspiracy is the same as the base offense level "for any intended offense conduct that can be established with reasonable certainty." U.S.S.G. § 2X1.1(a). Under § 2B1.1, which applies to fraud offenses such as those involved here, sentencing courts should apply a two-level increase in offense level if the offense involved "the conscious or reckless risk of death or serious bodily injury." U.S.S.G. § 2B1.1(b)(12)(A). Serious bodily injury is defined as injury "involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S.S.G. § 1B1.1, comment. (n.1(L)). Interpreting the enhancement, this court has stated, "[t]he Guidelines . . . do not require that the victim actually suffer serious bodily injury. Rather, the question is whether the defendant placed the victim at such a risk." United States

5

v. Snyder, 291 F.3d 1291, 1294-95 (11th Cir. 2002).

We conclude that it was not clearly erroneous for the district court to determine that Achille placed patients at risk of serious bodily injury. One of the clinic nurses testified that some patients received drug injections. Dr. Moreno testified that the drugs involved carried the risk of serious side effects, and these side effects qualify as serious bodily injuries. See U.S.S.G. § 1B1.1, comment. (n.1(L)). Thus, the district court did not err in applying the two-level enhancement under U.S.S.G. § 2B1.1(b)(12)(A).

3. Enhancement for obstruction of justice

Achille argues that he did not significantly obstruct or impede the government's investigation by making false statements during an interview because the government was already well-informed by the time he was interviewed.

Where the operative facts are not in dispute, and the district court decides "as a matter of law, whether the undisputed facts triggered the enhancement for obstruction of justice," we review the district court's conclusion de novo. United States v. Banks, 347 F.3d 1266, 1269 (11th Cir. 2003). When the district court applies the obstruction-of-justice enhancement, "it should note specifically what [the] defendant did, why that conduct warrants the enhancement, and, if applicable,

6

how that conduct actually hindered the investigation or prosecution of the offense."

United States v. Alpert, 28 F.3d 1104, 1108 (11th Cir. 1994).

The Sentencing Guidelines provide for a two-level increase in offense level if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. The application notes provide:

> This provision is not intended to punish a defendant for the exercise of a constitutional right. A defendant's denial of guilt (other than a denial of guilt under oath that constitutes perjury), refusal to admit guilt or provide information to a probation officer, or refusal to enter a plea of guilty is not a basis for application of this provision.

U.S.S.G. § 3C1.1, comment. (n.2). Covered conduct includes "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense." U.S.S.G. § 3C1.1, comment. (n.4(g)). The enhancement does not apply to making false statements not under oath that do not significantly obstruct or impede the investigation or prosecution. U.S.S.G. § 3C1.1, comment. (n.5(b)).

Here, we conclude that the record supports the district court's finding that Achille's false statements caused additional investigative work. The record shows that Achille made several false statements about his role and the roles of his co-

7

conspirators, and these false statements resulted in further substantial investigative efforts it otherwise would not have taken.  Cf. United States v. McGuinness, 451 F.3d 1302, 1305 (11th Cir. 2006); United States v. Arguedas, 86 F.3d 1054, 1059 (11th Cir. 1996).  Accordingly, the district court did not err in applying the enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1.

For the foregoing reasons, we **AFFIRM** Achille's convictions and sentences.