PER CURIAM:
We granted a certificate of appealability in this 28 U.S.C. § 2254 case on the issue of whether statements that attorneys for the State made at the December 14, 2000 hearing in state court bar the district court from applying the 28 U.S.C. § 2244(d) statute of limitations, either because of the doctrine of equitable estoppel or equitable tolling. We intended to include within that issue the related one of whether the doctrine of judicial estoppel applies to bar application of the § 2244(d) statute of limitations, and the parties have briefed and argued it as well.
After considering the briefs and the relevant parts of the record, and hearing oral argument, we have concluded that our de-cisional process in this case would be aided by further findings by the district court. For that reason, we are remanding this case to the district court for the limited purpose of having it enter findings on the following factual questions:
1) Did either or both of the attorneys who appeared for the State of Florida at the December 14, 2000 hearing in state court represent to the petitioner or to the state court that the statute of limitations contained in 28 U.S.C. § 2244(d) had not run?[1]
2) Did either or both of the attorneys who appeared for the State at the December 14, 2000 hearing in state court represent to the petitioner or to the state court that the State would not assert as a defense the statute of limitations contained in 28 U.S.C. § 2244(d) when the case got to federal court?
3) If the answer to either question 1 or 2, above, is “yes,” what was the motive or purpose of the attorney or attorneys in making the misstatement(s) or misrepresentation(s)?
4) If the answer to question 1, above, is “yes,” was the misstatement(s) or misrepresentation^) based on inadvertence or mistake or were they made in bad faith with knowledge that they were not wrong?
5) If the answer to question 2, above, is “yes,” was the misstatement(s) or misrepresentation^) based on inadvertence or mistake or were they made in bad faith with the expectation that the State would invoke the statute of limitations defense when the case got to federal court?
6) If the answer to either question 1 or 2, above, is “yes,” did the petitioner rely on the misstatement(s) or representation(s) to his actual detriment or prejudice? If so, how?
7) If the answer to either question 1 or 2, above, is “yes,” did the misstatement(s) or representation(s) benefit the State or prejudice the petitioner? If so, how?
8) If the answer to either question 1 or 2, above, is “yes,” would the outcome of the December 14, 2000 hearing have been different if the misstatement(s) or misrepresentation^) had not been made?
*834 9) Did any of the conduct or statements of the attorneys for the State at the December 14, 2000 hearing in state court, combined with the State’s later conduct in these federal habeas proceedings result in fraud on the court or threaten a mockery or miscarriage of justice? (We realize that this question, and some of the others to a lesser extent, may go beyond pure fact finding, but it is intertwined with factual questions and we would appreciate the district court’s views on it.)
The questions we have posed are not meant to be exclusive. The district court is free to explore and address any other factual matters that may be relevant to the application of the equitable doctrines that might arguably apply in this case. We leave to the district court the mechanics of deciding the factual matters, although an evidentiary hearing should be conducted to explore the knowledge, intent, and motive of the attorneys for the State at the December 14, 2000 hearing in state court. After the district court has made the necessary findings, it should transmit a copy of them along with a transcript of the evidentiary hearing and any other relevant documents to this Court.
Remanded for the Limited Purpose of Further Proceedings Consistent with this Order.

. We realize, of course, that this particular finding and some of the others as well will be made from the transcript of the December 14, 2000 hearing, but district courts have the primary role of finding facts even where only documents and transcripts are involved. See Anderson v. City of Bessemer City, 470 U.S. 564, 574, 105 S.Ct. 1504, 1511-12, 84 L.Ed.2d 518 (1985); Pullman-Standard v. Swint, 456 U.S. 273, 291-92, 102 S.Ct. 1781, 1791-92, 72 L.Ed.2d 66 (1982); United States v. Banks, 347 F.3d 1266, 1271 (11th Cir.2003); E.E.O.C. v. Joe’s Stone Crab, 220 F.3d 1263, 1286 (11th Cir.2000).