[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14455
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00202-VMC-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ANTHONY PROZER, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 14, 2013)

Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Michael Anthony Prozer, III appeals the inclusion of a 2-level obstruction of justice enhancement to the calculation of his base-offense level pursuant to U.S.S.G. § 3C1.1 of the Sentencing Guidelines. The enhancement was administered when Prozer was found to have violated the terms of his bond and subsequently lied to the magistrate judge presiding over his bond-revocation hearing. At sentencing, the Government requested and the district court granted the 2-level enhancement after Prozer pled guilty to seven separate counts relating to wire, mail, and bank fraud. On appeal, Prozer argues § 3C1.1 is inapplicable to a bond revocation hearing where the grounds for revocation derive from a separate offense. After review,[1] we affirm Prozer's sentence.

The district court did not err in applying Prozer's 2-level obstruction enhancement for lying to the magistrate judge presiding over his hearing. We have held that giving materially[2] false information at a bond hearing is sufficient to warrant an obstruction enhancement. *See United States v. Doe*, 661 F.3d 550 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 1648 (2012). Further, the commentary to § 3C1.1 states an obstruction enhancement applies when a defendant provides "materially false information to a . . . magistrate judge." U.S.S.G. § 3C1.1 cmt.

---

[1] We review the district court's factual findings for clear error and the application of the Sentencing Guidelines *de novo*. *United States v. Doe*, 661 F.3d 550, 565 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 1648 (2012).

[2] Materiality is defined as information that, "if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1 cmt. n.6. The bar for materiality is "conspicuously low." *Doe*, 661 F.3d at 566. Prozer's lies qualify as material under this standard.

n.4(F). Prozer's argument that the obstruction enhancement should not apply because his lies are wholly unrelated to his offense fails. The bond revocation hearing would have been impossible without Prozer first committing wire, mail, and bank fraud. Further, in fashioning § 3C1.1, the Sentencing Commission intended the provision to encompass any obstruction during the prosecution of the offense. *See* U.S.S.G. supp. to app. C, Amend. 693 (2006); *see also Doe*, 661 F.3d at 566.

Finally, Prozer argues the district court's failure to make specific findings of fact regarding the reasoning for his obstruction enhancement must result in the reversal of the enhancement. This argument also fails. It is true the district court "should note specifically what each defendant did, why that conduct warrants the enhancement, and, if applicable, how that conduct actually hindered the investigation or prosecution of the offense." *United States v. Alpert*, 28 F.3d 1104, 1108 (11th Cir. 1994) (en banc). However, where the record visibly reflects the basis for the enhancement and supports it,[3] the obstruction enhancement will stand. *United States v. Taylor*, 88 F.3d 938, 944 (11th Cir. 1996). The record reveals Prozer lied at his bond revocation hearing and the district court had sufficient

---

[3] Prozer's reliance on *United States v. Banks* is misplaced. 347 F.3d 1266 (11th Cir. 2003). Banks' conduct required an actual hindrance to the investigation occur. *Id.* at 1270; *see* U.S.S.G. § 3C1.1 cmt. n.5(A). Lies to a magistrate judge have no such requirement. *See* U.S.S.G. § 3C1.1 cmt. n.4(F).

reason to grant the Government's request for a 2-level obstruction enhancement.

Thus, Prozer's sentence is affirmed.

**AFFIRMED.**