[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17067
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00128-BJD-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN ALLEN ROSE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 10, 2017)

Before JORDAN, ROSENBAUM and FAY, Circuit Judges.

PER CURIAM:

Kevin Allen Rose appeals his conviction for possession of a firearm by a convicted felon and his sentence for that crime and for distribution of marijuana. We affirm in part, vacate in part, and remand.

## I. BACKGROUND

On May 11, 2015, Rose met a confidential informant at his home. Rose sold the informant 13.5 grams of marijuana for $90. Rose and the informant discussed guns; Rose told the informant he had two handguns. On May 26, 2015, the informant returned to buy more marijuana. The informant again asked Rose about guns and asked whether Rose would sell a gun. Rose stated the gun was not for sale. Rose sold the informant 3.2 grams of marijuana for $50.

The next day, Baker County detectives obtained a search warrant for Rose's house. Before the warrant was executed, a deputy pulled Rose over for a traffic violation and saw marijuana in the car. Rose admitted to possession of marijuana and possession of a gun at his house. The search warrant was executed. Rose's wife told the detectives that the gun was in the garage; the detectives then found a loaded gun in the garage. Rose's wife stated that Rose had put the gun in the garage a few nights before.

Rose was indicted with distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) (Counts 1 and 2), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count 3). Rose pled guilty

2

without a plea agreement.  A magistrate judge concluded Rose was competent and informed; he recommended the district judge accept his guilty plea, which the district judge did.  During the plea colloquy, the magistrate judge informed Rose of the essential elements of the possession of a firearm offense, including the knowing possession of a firearm in or affecting interstate or international commerce.  Rose confirmed he understood those elements and pled guilty.

In the Presentence Investigation Report ("PSI"), Rose's convictions were grouped pursuant to U.S.S.G. § 3D1.2(c), because Count 3 included a specific-offense characteristic that embodied the conduct comprising Counts 1 and 2.  The guideline applicable to Count 3, U.S.S.G. § 2K2.1, applied under U.S.S.G. § 3D1.3(a), because it provided for the highest offense level.  Rose's base offense level was 20 under § 2K2.1(a)(4)(B).  A four-level enhancement applied under § 2K2.1(b)(6)(B), because Rose had possessed the firearm in conjunction with the sale of marijuana, a felony offense.  Three levels were removed under U.S.S.G. § 3E1.1(a), (b) for Rose's acceptance of responsibility.  Rose's total-offense level was 21 and his criminal history category was VI.  Rose's Sentencing Guidelines range was 77 to 96 months of imprisonment.  The maximum term of imprisonment was 60 months as to Counts 1 and 2, and 120 months as to Count 3.

Rose objected to the four-level enhancement under § 2K2.1(b)(6)(B).  At sentencing, the district judge confirmed the parties had no objection to the PSI

3

other than to the application of § 2K2.1(b)(6)(B). Rose argued there was no connection between the firearm and his sale of marijuana. Rose also asserted his wife had moved the gun from their bedroom into the garage after Rose was arrested. The government responded § 2K2.1(b)(6)(B) did not require actual physical possession of a firearm during the related felony offense.

The district judge noted that he was "more inclined to put weight" on Rose's wife's statement that Rose had placed the gun in the garage several nights before his arrest. Sentencing Hr'g Tr. at 20 (Oct. 26, 2016). The district judge thus concluded that it was "more likely than not that [the gun] was in the garage at the time that [Rose] was engaging in the transaction for which he was found guilty."[1] *Id.* The judge noted the Guidelines offered commentary on the reason behind the enhancement.

> [T]he guidelines provide commentary that say . . . : "The enhancement for weapon possession in subsection (b)(1) reflects the increased danger of violence when drug traffickers possess weapons. The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."

*Id.* at 21. The judge then added: "The facts in this case and the proximity required by the guidelines . . . don't require that it be shown. It simply requires that there be a proximity – are such that I believe application of the guideline and the

---

[1] There was no finding as to the precise location of the gun in the garage, i.e., whether or not it was visible or in close proximity to Rose.

4

enhancement is appropriate." *Id.* The judge overruled Rose's objection and adopted the Sentencing Guidelines range as calculated in the PSI. The judge sentenced Rose to 84 months of imprisonment – 60 months as to Counts 1 and 2 and 84 months as to Count 3, all terms running concurrently.

On appeal, Rose asserts his conviction for possession of a firearm by a convicted felon must be vacated, because § 922(g) exceeded Congress's authority under the Commerce Clause[2] and is unconstitutional facially and as applied to him. Rose also contends the district judge erred by using the wrong legal standard in finding, under U.S.S.G. § 2K2.1(b)(6)(B), he possessed a firearm in connection with a felony offense.[3]

## II. DISCUSSION

### A. Conviction

While we ordinarily review challenges to the constitutionality of a statute de novo, claims not raised in the district court are reviewed for plain error. *See United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). In *Wright*, we concluded the defendant's argument that 18 U.S.C. § 922(g)(1) was unconstitutional, facially and as applied, failed under plain-error review. *Id.* at 715-16. We rejected the defendant's facial challenge, because we previously had

---

[2] U.S. Const. art. I, § 8, cl. 3.

[3] The government agrees that the district judge used the wrong legal standard when sentencing Rose.

concluded § 922(g)(1) "is not an unconstitutional exercise of Congress's power under the Commerce Clause." *Id.* at 715 (quoting *United States v. McAllister*, 77 F.3d 387, 389 (11th Cir. 1996)). We also rejected the defendant's argument that § 922(g) was unconstitutional as applied. Section 922(g) "only requires that the government prove some minimal nexus to interstate commerce"; the government had accomplished this by demonstrating that the firearms had been manufactured in a different state. *Id.* at 715-16 (internal quotation marks omitted).

Rose did not raise this issue before the district judge; we therefore review for plain error. *Id.* at 715. The district judge did not plainly err in failing to determine § 922(g) is facially unconstitutional, because *Wright* forecloses that argument. Additionally, the statute is not unconstitutional as applied to Rose. Rose pled guilty and admitted to all of the essential elements of the offense, which included the firearm's effect on interstate commerce. Accordingly, we affirm Rose's conviction for possession of a firearm by a convicted felon.

## B. Sentence

We typically review "purely legal question[s]," such as whether the district judge misapplied a sentencing guideline, de novo. *See United States v. McCrimmon*, 362 F.3d 725, 728 (11th Cir. 2004). But "[a]n appellate court may not correct an error that the defendant failed to raise in the district court unless there is: '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *United*

6

*States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) (quoting *United States v. Cotton*, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002)). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Cotton*, 535 U.S. at 631, 122 S. Ct. at 1785). An error that affects substantial rights will "almost always" have "affected the outcome of the district court proceedings." *Id.* at 1299 (quoting *Cotton*, 535 U.S. at 632, 122 S. C. at 1786). "The standard for showing that is the familiar reasonable probability of a different result formulation, which means a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks omitted). The defendant bears the burden of persuasion. *Id.*

When a defendant's base offense level is set under U.S.S.G. § 2K2.1 (firearms offenses), the Guidelines direct a sentencing judge to increase a defendant's offense level by four if the defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The Application Notes add that § 2K2.1(b)(6)(B) applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia."

7

U.S.S.G. § 2K2.1 cmt. n.14(B).  In addition, the Notes indicate the inquiry as to whether the defendant used a firearm "in connection with another felony offense" is similar to an inquiry into whether the firearm-use and felony were "part of the same course of conduct or common scheme or plan."  *See* U.S.S.G. § 2K2.1 cmt. n.14(E)(i)-(ii) (explaining "the court must consider the relationship between the instant offense and the other offense, consistent with relevant conduct principles"). This court has determined "[a] firearm found in close proximity to drugs or drug-related items simply '*has*'—without any requirement for additional evidence—the potential to facilitate the drug offense."  *See United States v. Carillo-Ayala*, 713 F.3d 82, 92 (11th Cir. 2013).

When a defendant's base offense level is set under U.S.S.G. § 2D1.1 (drug trafficking offenses), the Guidelines direct a sentencing judge to increase a defendant's offense level by two "[i]f a dangerous weapon (including a firearm) was possessed."  U.S.S.G. § 2D1.1(b)(1).  As with § 2K2.1(b)(6)(B), the Application Notes discuss proper application of the enhancement, stating that "[t]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  U.S.S.G. § 2D1.1 cmt. n.11(A).

The parties do not dispute that the district judge applied the standard discussed in the Application Notes for § 2D1.1(b)(1) in applying an enhancement

8

under § 2K2.1(b)(6)(B).  Instead, the parties dispute whether Rose preserved his claim of error and whether this court should exercise its discretion to correct the error.  Because Rose failed to sufficiently articulate an objection to the district judge's use of the correct standard and failed to preserve the specific Guideline-calculation error that he asserts on appeal, review is limited to plain error.  *See Rodriguez*, 398 F.3d at 1298.

The district judge, in overruling Rose's objection, emphasized the enhancement "simply requires that there be proximity" and the "proximity required by the guidelines."  Sentencing Hr'g Tr. at 21.  The judge relied on the standard applicable to § 2D1.1(b)(1) and limited his findings to the specific facts necessary to reach a conclusion using that standard.  The judge did not make a conclusion as to whether the facts also met the standard for the four-level enhancement under § 2K2.1(b)(6)(B).  He also did not indicate whether he was finding the firearm was in "close proximity" to actual drugs or drug paraphernalia or whether there was a connection between the firearm and the drug offense.  *See Carillo-Ayala*, 713 F.3d at 92 (explaining the difference between application of § 2D1.1(b)(1), § 2K2.1(b)(6)(B), and the effect of the guiding principles of those provisions on a defendant's eligibility for safety-valve relief under U.S.S.G. § 5C1.2).  Relying on Rose's wife's statement, the judge concluded that the firearm was probably in the garage when the drug transaction occurred.  *See United States v. Pham*, 463 F.3d

9

1239, 1246 (11th Cir. 2006) (noting § 2D1.1(b)(1) is to be applied "whenever a firearm is possessed during conduct relevant to the offense of conviction" (internal quotation marks omitted)).

Without discussion from the district judge on the application of the § 2K2.1(b)(6)(B) standard, we cannot fully perform our function of appellate review. Deciding whether specific facts support the enhancement on appeal in the absence of a relevant ruling from the district judge would weaken the integrity of the imposed sentence. *See United States v. Banks*, 347 F.3d 1266, 1271 (11th Cir. 2003) ("A court of appeals is not a fact finding body. . . . While it may make some pragmatic sense to save time and judicial resources by holding that a given sentencing court's legal conclusion is probably consistent with facts that can be circumstantially combed from the colloquy and the record, such a short cut makes a sentence vulnerable to challenge for failing to specify in the record its factual basis."). Given the district judge's findings, we conclude there is a "reasonable probability"—that is, Rose is not certain to lose his argument, but he is not certain to win either—that there will be a different result on remand. We thus vacate Rose's sentences and remand for a limited resentencing to permit the district judge to make findings using the correct standard under § 2K2.1(b)(6)(B) or to otherwise clarify his findings.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

10