[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10111

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERTO JAVIER BATISTA JEAN FRANCOIS,
a.k.a Robert Batista,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cr-60157-JEM-1

_____

Before JILL PRYOR, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Robert Javier Batista Jean Francois appeals his forty-month sentence for possession with intent to distribute 500 grams or more of cocaine. He argues that the district court erred by applying a two-level upward adjustment to his offense level for obstruction of justice and that his sentence was procedurally and substantively unreasonable. After careful consideration, we conclude that review of the obstruction of justice adjustment is not possible on this record. Accordingly, we vacate Batista's sentence and remand to the district court for resentencing.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 9, 2023, Batista and Steve Cardenas were arrested for selling around two thousand grams of cocaine to a confidential informant. Their initial appearances were set for the next day.

At some point before the initial appearances, Batista wrote a letter exonerating Cardenas of knowingly participating in the cocaine sale. Cardenas provided the government with a copy of the letter, although, eventually, he acknowledged that the letter's claims about his innocence were false.

Batista and Cardenas were indicted on two counts: (1) conspiring to possess with the intent to distribute 500 grams or more of cocaine; and (2) possessing with the intent to distribute 500 grams or more of cocaine. Both men pleaded guilty to count two,

but only Cardenas entered into a plea agreement. Cardenas's plea agreement included a promise to cooperate with the government. And the government moved to reduce Cardenas's "sentence based upon substantial assistance he provided to law enforcement that led to the discovery and seizure of eight (8) kilograms of cocaine."

Before their sentencing hearings, a probation officer prepared presentence investigation reports for Batista and Cardenas. Batista's presentence investigation report recommended that he receive a two-level upward adjustment for obstruction of justice under United States Sentencing Guidelines section 3C1.1 because of his false letter exonerating Cardenas.

Batista objected to the adjustment. He admitted he wrote the letter and that its contents were false, but argued that Cardenas forced him to write the letter and that it did not obstruct or impede the government's investigation or prosecution. The government responded that the letter hindered the investigation and prosecution because it bolstered Cardenas's potential presence defense. It would not have offered Cardenas a chance to cooperate and obtain a lower sentence, the government argued, absent Batista's false letter.

At Batista's sentencing hearing, the district court heard arguments from both sides as to whether it should apply the adjustment. The government reiterated that the letter bolstered Cardenas's presence defense and caused the government to cooperate with Cardenas, but it did not introduce any evidence at the hearing to support the application of the adjustment. Having heard both

sides, the district court declared that it was "appropriate to include the two-level [adjustment] for obstruction of justice." It did not explain how it came to that decision.

After applying the two-level adjustment for obstruction of justice, Batista's total offense level was twenty-one and his criminal history category was one. The applicable sentencing guideline range was thirty-seven to forty-six months' imprisonment. The district court sentenced Batista to forty months' imprisonment. Batista timely appealed.

## STANDARD OF REVIEW

"When considering a district court's imposition of an enhancement for obstruction of justice," we "review the district court's factual findings for clear error and the application of the factual findings to the sentencing guidelines de novo." *United States v. Guevara*, 894 F.3d 1301, 1311 (11th Cir. 2018) (alteration and quotation omitted).

## DISCUSSION

On appeal, Batista raises two arguments: (1) the district court erred by applying a two-level adjustment for obstruction of justice; and (2) his sentence was procedurally and substantively unreasonable. Because we agree with Batista's first argument, we do not need to reach his second one.

A defendant's offense level may be increased by two if he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation,

prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. The obstructive conduct may be related to the defendant's offense or that of a codefendant. *Id.* § 3C1.1 cmt. n.1. Making a false statement, not under oath, to a law enforcement officer does not warrant an obstruction of justice adjustment unless the statement was "materially false" and "significantly obstructed or impeded the official investigation or prosecution of the instant offense." *Id.* § 3C1.1 cmt. n.4(G), n.5(B).

To permit meaningful appellate review of an obstruction of justice adjustment, we generally require the district court to state the specific factual findings that led to its decision. *Guevara*, 894 F.3d at 1311; *United States v. Banks*, 347 F.3d 1266, 1269 (11th Cir. 2003); *United States v. Alpert*, 28 F.3d 1104, 1108 (11th Cir. 1994). Here, the parties agree that the district court's statement regarding the application of the obstruction of justice adjustment was insufficient for meaningful appellate review. The district court did not find that Batista's unsworn letter was a materially false statement and it did not explain how Batista's letter impeded the investigation or the prosecution of Cardenas. *See Guevara*, 894 F.3d at 1311–12.

Of course, "[w]e may overlook the lack of supportive factual findings and nevertheless affirm the imposition" of the obstruction of justice adjustment "if the record 'clearly reflects the basis for the [adjustment] and supports it.'" *Id.* at 1312 (quoting *United States v. Taylor*, 88 F.3d 938, 944 (11th Cir. 1996)). For purposes of sentencing adjustments, the record includes "facts admitted by the defendant's guilty plea, undisputed statements in the [presentence

investigation report], or evidence presented at the sentencing hearing." *United States v. Matthews*, 3 F.4th 1286, 1289 (11th Cir. 2021); *see United States v. Ndiaye, 434 F.3d 1270, 1300 (11th Cir. 2006).* Attorney arguments and unsupported factual assertions at a sentence hearing, on the other hand, are not evidence. *United States v. Washington*, 714 F.3d 1358, 1361 (11th Cir. 2013).

Here, the record does not clearly reflect that Batista's false letter significantly obstructed or impeded the investigation or prosecution of Cardenas. *See Guevara*, 894 F.3d at 1311. A materially false statement significantly obstructs an investigation or prosecution when it causes the government to take an action it would not have otherwise taken. *Compare United States v. Uscinski*, 369 F.3d 1243, 1247 (11th Cir. 2004) (holding the district court did not err in applying the obstruction of justice adjustment because the defendant's false statements caused the government to take the additional step of having foreign governments trace money), *with Banks*, 347 F.3d at 1271 (vacating a sentence with an obstruction of justice adjustment because the government did not present evidence of any action caused by the defendant's false statement about his identity). We have found that the record clearly reflects significant obstruction of an investigation or prosecution when there is evidence that the defendant's act directly prompted the government to use additional effort to accomplish a task. *Taylor*, 88 F.3d at 944 (holding the record clearly showed the defendant's refusal to give a handwriting sample—and his eventual attempt to disguise his handwriting—forced the government to find another writing sample to authenticate threatening cards).

The government argues that Batista's letter could have supported a presence defense for Cardenas, which contributed to the government's decision to offer Cardenas a chance to cooperate and a more favorable plea agreement. However, there is no evidence in the record that clearly reflects how the letter caused the government to cooperate with Cardenas. First, Batista's stipulated facts only acknowledge that (1) he wrote the letter, and (2) the letter falsely exonerated Cardenas. The facts do not include any explanation as to how the letter affected the government's investigation or prosecution. Second, the undisputed statements in Batista's presentence investigation report only admit that Batista wrote the false assertions in the letter. Batista objected to the part of the report that alleged the letter obstructed the investigation or prosecution. That's it. The government did not present any additional evidence at the sentencing hearing.

The government argues that Cardenas's "generous plea deal" and thirty-six-month sentence clearly reflect that Batista's letter hindered Cardenas's prosecution. But neither Cardenas's plea deal nor his low sentence clearly shows that Batista's letter caused the government to cooperate with Cardenas or otherwise change its prosecution strategy. Cardenas's plea agreement does not mention Batista's letter. Instead, the plea agreement appears to be based, at least partly, on Cardenas's promise to cooperate with the government. Additionally, the government moved to reduce Cardenas's sentence because of the "substantial assistance he provided to law enforcement that led to the discovery and seizure of eight

(8) kilograms of cocaine."  The motion did not mention that Cardenas disavowed Batista's letter.

Only the government's unsworn arguments at the sentencing hearing and its unverified briefing connect the letter to the decision to cooperate with Cardenas.  But these unsupported factual assertions by the government are not evidence.  *See Washington*, 714 F.3d at 1361.  And without them, the record does not clearly reflect that Batista's letter caused it to cooperate with Cardenas, offer him a plea agreement, or move to shorten his sentence.  *See Banks*, 347 F.3d at 1271.  While the evidence presented may have been enough to infer the letter caused the government to cooperate with Cardenas, without a clear reflection in the record of the basis for the adjustment, the district court had to explain any inferences it made from the evidence to give us "a sufficient understanding of the factual circumstances underlying" its decision.  *See Alpert*, 28 F.3d at 1108.

When a district court errs by not making factual findings to justify the application of an obstruction of justice adjustment, we vacate the defendant's sentence and remand with instructions to resentence.  *Guevara*, 894 F.3d at 1313.  That's what we do here.  If the district court decides to reimpose an adjustment for obstruction of justice, it must make factual findings that show Batista made a materially false statement that significantly obstructed or impeded the investigation or prosecution of Cardenas.  *See id*.

**SENTENCE VACATED AND REMANDED WITH INSTRUCTIONS**.