# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3104

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Deshunn Williams, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: March 15, 2002

Filed: April 30, 2002

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and RILEY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

The United States appeals the district court's[1] rejection of its proposed enhancement of Deshunn Williams's sentence. We affirm.

A cooperating witness working with the Federal Bureau of Investigation purchased crack cocaine from Mr. Williams on two separate occasions. Shortly after

_____

[1]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

the second purchase, Mr. Williams was stopped for a traffic violation by an officer of the Little Rock Police Department, and during that stop Mr. Williams identified himself to the officer as Antoine Shepard. Almost nine months later, the government filed a three-count indictment against Mr. Williams and Mr. Shepard: Mr. Williams was charged with the first delivery of cocaine base, Mr. Shepard was charged with the second one, and Mr. Williams and Mr. Shepard were charged with conspiracy to deliver cocaine base. When the government learned that the suspect in the second cocaine delivery was actually Mr. Williams, the count against Mr. Shepard was dismissed, as was the conspiracy count (since an individual cannot conspire with himself), and a superseding indictment was filed charging Mr. Williams with both the first and second deliveries. Mr. Williams later pleaded guilty to the count that was based on the first delivery, and the government dismissed the other count.

At the sentencing hearing, the district court refused the government's request to enhance Mr. Williams's penalty under § 3C1.1 of the United States Sentencing Guidelines. That section calls for a two-level increase in the offense level if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution or sentencing of the instant offense of conviction." U.S.S.G § 3C1.1. Mr. Williams points to Application Note 5(a) of that section, which specifically states that "providing a false name or identification document at arrest" is not grounds for an enhancement, "except where such conduct actually resulted in a significant hindrance to the investigation or prosecution of the instant offense." Thus the proper disposition of this case depends on whether Mr. Williams significantly hindered the investigation or prosecution of what became the second charge against him.

The government refers us to *United States v. Womack*, 985 F.2d 395, 398 (8th Cir. 1993), *cert. denied*, 510 U.S. 902 (1993), a case in which we upheld a sentence enhancement for a driver who gave a false name during a traffic stop. But that case stands for the proposition that providing false identification can in the proper

circumstances be a basis for an enhancement, not that it always is: The court in *Womack* merely held that the district court had not erred in imposing the enhancement on the record before it. *See id.* In this case, however, the government failed to provide evidence of the extent that Mr. Williams's dishonesty hindered its efforts. The government could have, for example, produced a witness to testify to the amount of time that it expended in the effort to resolve the identity question. But the government did not do so.

At oral argument, the government asserted that Mr. Williams had been stopped on the traffic violation by Little Rock police, at the request of the FBI, as a pretext for identifying the person who had made the second drug delivery. According to the government, the cooperating witness did not recognize Mr. Williams the second time that he bought drugs from him, perhaps because Mr. Williams had his hair arranged differently. While this information is helpful to an understanding of the relevant events, it was nonetheless not before the district court and therefore is not properly before us. Even if we were to consider that information, it would fail to establish that the false information provided by Mr. Williams resulted in a significant hindrance to the government or to its case. The only hindrance that the government proved was that an indictment had to be dismissed and another one filed. We hold that such a limited hindrance is not a significant one as a matter of law.

The sentence of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.