In re: SILICON IMAGE, INC. SECURITIES LITIGATION,
In Re,

Landon Curry; William S. Hayman; John Herlihy, Plaintiffs–Appellants,

v.

Silicon Image, Inc. Securities Litigation; Steve Tirado; Robert Gargus; David Lee, Defendants–Appellees.

No. 07–16947.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 2009.

Filed May 1, 2009.

Aaron H. Darsky, Esquire, Robert C. Schubert, Esquire, Schubert Jonckheer Kolbe & Kralowec, LLP, Juden Justice Reed, Esquire, Law Offices, San Francisco, CA, Christopher Lovell, Esquire, Lovell Stewart Halebian LLP, Richard Speirs, Esquire, Zwerling Schachter & Zwerling, LLP, New York, NY, for Plaintiffs–Appellants.

Emmett Charles Stanton, Cathleen Donohoe, Fenwick & West, LLP, Mountain View, CA, for Defendants–Appellees.

Before: T.G. NELSON, KLEINFELD and M. SMITH, Circuit Judges.

MEMORANDUM *

Plaintiffs appeal the dismissal of their fourth amended complaint in this class action securities lawsuit. We affirm.

Plaintiffs have failed to allege specific facts showing that the statements in the press releases or SEC filings were false or misleading. *See* 15 U.S.C. § 78u–4(b)(1); Fed.R.Civ.P. 9(b). The alleged omissions did not "affirmatively create an impression of a state of affairs that differ[ed] in a material way from the one that actually exist[ed]." *Brody v. Transitional Hosps. Corp.,* 280 F.3d 997, 1006 (9th Cir.2002); *see* 17 C.F.R. § 240.10b–5(b).

This analysis of the complaint's falsity allegations makes unnecessary any determination of whether the facts pleaded, considered as a whole, give rise to a strong inference of scienter. *Cf. Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 319–25, 127 S.Ct. 2499, 2508–10, 168 L.Ed.2d 179 (2007); *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 1006–08 (9th Cir.2009); *S. Ferry LP, # 2 v. Killinger,* 542 F.3d 776, 784–85 (9th Cir.2008). Plaintiffs have not alleged facts showing that any statements were false or misleading.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court did not abuse its discretion in dismissing plaintiffs' complaint without leave to amend. *See In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir.2002). Plaintiffs have failed to cure the complaint's deficiencies, despite detailed guidance from the district court and four prior opportunities to do so. Plaintiffs have not pointed to any additional facts that they could allege to cure the deficiencies. *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir.2008). Plaintiffs plead, in substance, bad management rather than false statements.

**AFFIRMED.**