MEMORANDUM *
Plaintiffs appeal the dismissal of their fourth amended complaint in this class action securities lawsuit. We affirm.
Plaintiffs have failed to allege specific facts showing that the statements in the press releases or SEC filings were false or misleading. See 15 U.S.C. § 78u-4(b)(l); Fed.R.Civ.P. 9(b). The alleged omissions did not “affirmatively create an impression of a state of affairs that differ[ed] in a material way from the one that actually exist[ed].” Brody v. Transitional Hosps. Corp., 280 F.3d 997, 1006 (9th Cir.2002); see 17 C.F.R. § 240.10b-5(b).
This analysis of the complaint’s falsity allegations makes unnecessary any determination of whether the facts pleaded, considered as a whole, give rise to a strong inference of scienter. Cf. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 319-25, 127 S.Ct. 2499, 2508-10, 168 L.Ed.2d 179 (2007); Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1006-08 (9th Cir.2009); S. Ferry LP, # 2 v. Killinger, 542 F.3d 776, 784-85 (9th Cir.2008). Plaintiffs have not alleged facts showing that any statements were false or misleading.
*561 The district court did not abuse its discretion in dismissing plaintiffs’ complaint without leave to amend. See In re Vantive Corp. Sec. Litig., 288 F.3d 1079, 1097 (9th Cir.2002). Plaintiffs have failed to cure the complaint’s deficiencies, despite detailed guidance from the district court and four prior opportunities to do so. Plaintiffs have not pointed to any additional facts that they could allege to cure the deficiencies. Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1072 (9th Cir.2008). Plaintiffs plead, in substance, bad management rather than false statements.
AFFIRMED.

This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.