[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13213
Non-Argument Calendar

_____

D.C. Docket No. 4:11-cr-00245-WTM-GRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SUSANNE BUNTON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 30, 2013)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Susanne Bunton ("Susanne") appeals her 21-month sentence for bank fraud.

Susanne, along with her husband and codefendant, Lamont Timothy Bunton

("Timothy"), withdrew $44,900 from the bank accounts of an 82-year-old widow over a period of months by forging the victim's signature on checks, moving money from her money market account to another of her accounts, and using her debit card and password to withdraw money and purchase items at various stores. The defendants had gained the victim's trust by helping her with errands and appointments, and although the victim offered to pay them for their services, they refused and said they were helping her because they loved her. The defendants concealed their theft by replacing the victim's actual bank statements with forgeries, and created a fraudulent contract, purportedly between themselves and the victim, alleging that she had lent them large sums of money and they had begun to repay her. The defendants also created fraudulent receipts, purportedly with the victim's signature, showing repayment. When interviewed by law enforcement, Susanne responded with the fraudulent contract and receipts.

On appeal, Susanne argues that: (1) the district court made insufficient findings to consider Timothy's actions and the loss resulting from his actions as relevant conduct under U.S.S.G. § 1B1.3, for purposes of sentencing her; (2) she should have received credit for the value of the services rendered to the victim for purposes of calculating the loss amount; (3) the district court clearly erred in applying enhancements for sophisticated means and obstruction of justice,

2

U.S.S.G. §§ 2B1.1(b)(10)(C) and 3C1.1, respectively; and (4) her 21-month prison sentence was substantively unreasonable. After thorough review, we affirm.

We review the district court's findings of fact and loss calculations for clear error, and the district court's application of U.S.S.G. § 1B1.3 de novo. United States v. Barrington, 648 F.3d 1178, 1197 (11th Cir. 2011), cert. denied, 132 S.Ct. 1066 (2012); United States v. McCrimmon, 362 F.3d 725, 728 (11th Cir. 2004). Review for clear error is deferential, and we will not disturb the district court's finding unless left with a definite and firm conviction that a mistake was made. United States v. Ghertler, 605 F.3d 1256, 1267 (11th Cir. 2010). We review for clear error the district court's finding that the defendant used sophisticated means, id., as well as the district court's application of a two level obstruction-of-justice enhancement where the application required the district court to make a particularized assessment of the defendant's credibility or demeanor. United States v. Banks, 347 F.3d 1266, 1269 (11th Cir. 2003). Where the defendant's credibility or demeanor is not at issue, however, and the defendant's conduct is clearly set forth in detailed, non-conclusory findings, we review de novo the district court's application of the enhancement to those facts. Id. Finally, we review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

First, we are unpersuaded by Susanne's claim that the district court failed to make specific factual findings as to when she became criminally involved, which, she says, was at the end of the scheme. However, in a case involving jointly undertaken criminal activity, the defendant is responsible for all reasonably foreseeable acts of others in furtherance of the activity that occurred during the offense's commission, in preparation for the offense, and in the course of attempting to avoid detection. U.S.S.G. § 1B1.3(a)(1)(B). A jointly undertaken criminal activity is a criminal plan or scheme undertaken by the defendant together with others, even if not charged as a conspiracy. Id. § 1B1.3, comment. (n.2). To determine a defendant's accountability for others in a criminal scheme, the district court first determines the scope of the criminal activity that the defendant agreed to undertake. Id.; see also United States v. Hunter, 323 F.3d 1314, 1319-22 (11th Cir. 2003) (vacating and remanding where district court made findings regarding reasonable foreseeability without first determining scope of criminal activity that defendants jointly agreed to undertake). Whether the defendant assisted in designing and executing the scheme is a relevant factor in determining if an activity is jointly undertaken. Hunter, 323 F.3d at 1321. The district court may consider any implicit agreement fairly inferred from the conduct of the defendant and others in determining the scope of the criminal activity that the defendant agreed jointly to undertake. U.S.S.G. § 1B1.3, comment. (n.2). Therefore, a

4

defendant may be held accountable for losses resulting from the reasonably foreseeable acts of other participants. Hunter, 323 F.3d at 1319 (conspiracy context). Nevertheless, a defendant's relevant conduct does not include conduct of members of a conspiracy prior to the defendant's joining of the conspiracy, even if the defendant knows of that conduct. U.S.S.G. § 1B1.3, comment. (n.2).

To the extent Susanne argues that the district court clearly erred in determining that she was involved from the outset of the scheme, that argument is unpersuasive. In addition to the bank fraud to which she pled guilty and to pawning the victim's ring, Susanne helped Timothy execute the scheme by (1) helping to draft the contract that the victim signed and was later fraudulently altered and (2) signing the fraudulent receipts. See Hunter, 323 F.3d at 1321. Together, Susanne and Timothy gained the victim's trust by helping her with her errands and appointments -- which was crucial, since it allowed the defendants access to the victim's personal and financial information, and to later exploit that trust. Indeed, Timothy stated during his plea colloquy that Susanne knew of all of his illicit acts. From these facts, the district court could reasonably have inferred that, from the outset, Timothy and Susanne jointly undertook a scheme to defraud the victim. See id. This remains true despite Timothy's testimony that he himself took the victim's debit card, deposited the checks, and withdrew the money. See U.S.S.G. § 1B1.3(a)(1)(B) & comment. (n.2).

5

To the extent that Susanne argues that the district court failed to make any particularized findings as to the point at which Susanne became involved in the scheme, that argument is also without merit. As the record shows, the district court heard and considered Susanne's argument that the government had not proven the point in time at which she joined the criminal scheme and the government's response. However, the district court adopted the portion of the Presentence Investigation Report ("PSI") Addendum in which the probation officer determined that she had joined the scheme from the outset, as we've described above. Moreover, because the criminal scheme here involved defrauding the victim, it was reasonably foreseeable that Timothy would use the victim's bank account information to take money from the victim's account. See Hunter, 323 F.3d at 1319. Accordingly, the district court did not err in holding Susanne accountable for the total losses resulting from Timothy's acts -- as well as those from Susanne's attempt to cash a fraudulent check. See id.

We also reject Susanne's suggestion that she should receive a credit for the services she and Timothy rendered to the victim for purposes of calculating the total loss amount. In her brief, Susanne mentioned this argument in her section addressing relevant conduct broadly by copying and pasting a lengthy quotation from the PSI Addendum, and, in conclusory fashion, she said that the district court did not adequately address the issues mentioned in the quotation. Because Susanne

6

did not plainly and unambiguously demarcate this issue, she has abandoned it on appeal. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

Next, we find no merit to Susanne's argument that the district court erred in applying a sophisticated means enhancement because the scheme involved only depositing checks into an account that the victim did not use, typing up a two-page document that only somewhat resembled a bank statement, and moving money from one account to another, and none of those acts was particularly complex. The Sentencing Guidelines provide for a two-level enhancement if the offense involved "sophisticated means." U.S.S.G. § 2B1.1(b)(10)(C). The commentary defines "sophisticated means" as "especially complex or especially intricate offense conduct" that pertains to executing or concealing the offense. Id. § 2B1.1, comment. (n.8(B)). Each of a defendant's individual actions need not be sophisticated to impose the § 2B1.1(b)(10)(C) enhancement, provided that the totality of the scheme was sophisticated. Ghertler, 605 F.3d at 1267.

As the record shows, Timothy and Susanne worked together to gain the victim's trust and then took concerted steps to avoid detection, which involved creating fraudulent bank statements and a fraudulent contract, among other things. See U.S.S.G. § 2B1.1, comment. (n.8(B)). Under the circumstances, the district court did not clearly err in concluding that the totality of Timothy's and Susanne's scheme was sophisticated. Ghertler, 605 F.3d at 1267.

Nor do we find merit to Susanne's argument that the district court erred in applying an obstruction-of-justice enhancement because the term "official investigation," as used in the Guidelines commentary, should exclude interviews like hers, which occurred pre-indictment and were non-custodial, and because her act of presenting investigators with the fraudulent contract and receipts did not actually obstruct the investigation. The Guidelines provide for a two-level enhancement if "the defendant willfully obstructed or impeded, or attempted to instruct or impede, the administration of justice with respect to the investigation . . . of the . . . offense of conviction" and if the conduct related to "the defendant's offense of conviction and any relevant conduct" or to "a closely related offense." U.S.S.G. § 3C1.1. The enhancement may apply if the obstructive conduct related to the case of a codefendant. Id., comment. (n.1). The relevant commentary sets out "a non-exhaustive list of examples" to which the enhancement applies, including where a defendant "produc[es] or attempt[s] to produce a false, altered, or counterfeit document or record during an official investigation or judicial proceeding." Id., comment. (n.4(C)). The commentary also sets out a non-exhaustive list of examples of conduct that ordinarily does not warrant an enhancement, including giving a false name or identification document at arrest -- except where giving the false information actually results in a significant hindrance to the investigation. See id., comment. (n.5(A)).

8

Here, Susanne has cited no authority to support her contention that § 3C1.1 should not apply in a pre-indictment, non-custodial setting.  Moreover, by its own terms, § 3C1.1 applies to attempted obstruction, not only to actual obstruction.  See U.S.S.G. § 3C1.1.  Accordingly, the district court did not err in applying an obstruction of justice enhancement.

Finally, we disagree with Susanne that her sentence was substantively unreasonable.  Our review of sentences for substantive reasonableness is based on the "'totality of the circumstances.'"  Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51).  This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)."  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011).  While a district court must consider all the factors listed in § 3553 and explain the sentence imposed, the court need not discuss each factor explicitly.  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir.), cert. denied, 131 S.Ct. 674 (2010). While we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that sentence to be reasonable. Talley, 431 F.3d at 788. A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. See Gonzalez, 550 F.3d at 1324.

Here, Susanne has not shown that her 21-month sentence was unreasonable. For starters, her sentence was the lowest sentence in her guideline range and was well below the statutory maximum of 30 years. See Talley, 431 F.3d at 788; Gonzalez, 550 F.3d at 1324. Further, the district court listened to Susanne's argument regarding the § 3553(a) factors, including argument concerning her minimal criminal history and background, and said that it had listened to Susanne directly and through counsel, reviewed the PSI and PSI Addendum, and reviewed Susanne's sentencing memorandum. The court also said that it had considered the § 3553(a) factors, which is more than sufficient. See Gonzalez, 550 F.3d at 1324. Moreover, simply because the district court considered and disagreed with Susanne's position about the problem of sentence disparities does not show the district court did not sufficiently consider that factor or that her sentence is unreasonable. See Tome, 611 F.3d at 1378; Gonzalez, 550 F.3d at 1324. Under

10

these circumstances, Susanne has not shown that her sentence of 21 months' imprisonment was unreasonable.  See Tome, 611 F.3d at 1378.

**AFFIRMED.**