[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14011
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00035-EAK-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL LUIS PIZARRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 8, 2020)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Angel Pizarro appeals his 84-month sentence for possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He argues that the district court erred in applying a two-level enhancement for obstruction of justice because it failed to make adequate factual findings as to how and why his conduct in threatening an individual identified as N.A. and having N.A. claim ownership responsibility of the firearm to law enforcement was obstructive.

In examining the application of a two-point enhancement for obstruction of justice under the Guidelines, we review the district court's factual findings for clear error and its application of the Guidelines to those facts *de novo*. *United States v. Plasencia*, 886 F.3d 1336, 1343 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 837 (2019). However, sentencing issues raised for the first time on appeal are reviewed for plain error. *United States v. Doe*, 661 F.3d 550, 565 (11th Cir. 2011). To preserve an objection to the sentence, a defendant must "raise that point in such clear and simple language that the trial court may not misunderstand it." *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006) (quotation marks omitted); *see also Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020) (concluding a defendant must simply bring a claimed sentencing error to the district court's attention to preserve the issue for appeal). A defendant "fails to preserve a legal issue for appeal if the factual predicates of an objection are included in the sentencing record, but were presented to the district court under a

2

different legal theory." *Massey*, 443 F.3d at 819.  Under the plain error standard, a defendant must show that there was an error, it was plain, it affects his substantial rights, and it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* at 818 (quotation marks omitted).

Section 3C1.1 of the U.S. Sentencing Guidelines provides that a defendant will receive a two-level enhancement if:

> (1) [he] willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) [his] offense of conviction and any relevant conduct; or (B) a closely related offense.

U.S.S.G. § 3C1.1.  Examples of conduct to which the enhancement applies include "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so" and "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense."  *Id.* § 3C1.1, comment. (n.4(A), (G)).  A defendant is responsible for his own obstructive conduct, as well as the obstructive conduct of another that he "aided or abetted, counseled, commanded, induced, procured, or willfully caused."  *Id.* § 3C1.1 comment. (n.9).  Conduct that occurred prior to the start of the investigation into the instant offense may warrant application of the enhancement

3

if it was "purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction." *Id.* § 3C1.1 comment. (n.1).

In *United States v. Alpert*, we examined whether the district court properly applied the enhancement for obstruction of justice where the defendants had fled to avoid arrest, continued to engage in criminal activity by producing false documents, and with respect to one defendant, given a false name upon arrest. 28 F.3d 1104, 1106-07 (11th Cir. 1994). We determined that the enhancement did not apply to the defendants' flight from arrest, but their other conduct might justify the enhancement if it significantly hindered the investigation or prosecution of their offenses. *Id.* at 1107. We explained that some conduct would only warrant the enhancement if it actually obstructed justice, where, for example, obstructive conduct that involved making a false statement to a law enforcement officer requires a district court to find that a statement was false and material and explain how the statement significantly obstructed or impeded the investigation or prosecution. *Id.*

We further concluded in *Alpert* that the district court's factual findings were insufficient for purposes of determining whether the defendants had engaged in obstructive conduct. *Id.* at 1108. We reasoned that the application of the enhancement was a fact-specific inquiry and the district court's "inference" that the defendant's conduct "slowed down the criminal process [did] not permit this Court

to review the enhancement with a sufficient understanding of the factual circumstances underlying the district court's decision." *Id.* Thus, we determined that meaningful appellate review required the district court to explain "what each defendant did, why that conduct warrant[ed] the enhancement, and, if applicable, how that conduct actually hindered the investigation or prosecution of the offense." *Id.*

Even if the district court failed to make factual findings as to the application of the obstruction enhancement, remand is unnecessary if the record clearly reflects and supports the basis for the enhancement. *United States v. Taylor*, 88 F.3d 938, 944 (11th Cir. 1996); *United States v. Guevara*, 894 F.3d 1301, 1312 (11th Cir. 2018) (stating that we "may overlook the lack of supportive factual findings and nevertheless affirm the imposition of the § 3C1.1 enhancement only if the record clearly reflects the basis for the enhancement and supports it" (quotation marks omitted)).

In *United States v. Banks*, we considered a challenge to the district court's application of the obstruction enhancement where the defendant had secured release on bond after giving a false name and identification document to the arresting officers. 347 F.3d 1266, 1267 (11th Cir. 2003). We concluded that we could not review the application of the enhancement until the district court made additional findings, because providing a false name or documentation during an

5

arrest would not justify the enhancement unless it significantly hindered the investigation or prosecution and the district court did not make any findings as to that issue. *Id.* at 1269. We held that "it is not enough for the sentencing court to adopt the uncontested portions of the PS[I], hear the defendant's objections and the arguments of counsel, and recite its agreement with the arguments of the prosecutor and the recommendation of the PS[I]." *Id.* We additionally concluded that the record did not support the enhancement, given that we were "left to speculate about how the bond proceedings, investigation or prosecution would have been different had [the defendant]'s true identity been known." *Id.* at 1270-71.

In *Guevara*, we determined that we could not review the district court's application of the obstruction enhancement because the district court failed to make factual findings and explain how the defendant's conduct was obstructive. 894 F.3d at 1311. Noting that the district court had made vague, equivocal statements about the defendant's tax returns, his use of a straw buyer to commit the crime for which he was charged, and misstatements that he had made to law enforcement, we concluded that the record did not clearly demonstrate how the defendant's behavior warranted the enhancement. *Id.* at 1312. Specifically, we stated that the defendant's actions with respect to his tax returns took place years before his offense conduct, yet the record did not show how the defendant's

6

actions were calculated to and actually did thwart the investigation or prosecution of the instant offense. *Id.* We further noted that it was unclear how the defendant willfully obstructed or attempted to obstruct justice by using of a straw buyer to purchase a sports car. *Id.* at 1312-13. Finally, we stated that the record did not show that the defendant's false statements to law enforcement officers substantially hindered the investigation or prosecution, particularly given that the district court stated that the defendant's false statements were not an impediment to the officers. *Id.* at 1313.

As an initial matter, plain error review is inapplicable because Pizarro's arguments regarding the application of the obstruction of justice enhancement before the district court were sufficient to preserve his claim on appeal.

The district court erred in applying the obstruction enhancement because its factual findings were inadequate for purposes of meaningful appellate review. The court did not specify whether Pizarro's conduct was obstructive because N.A. had provided materially false information to a law enforcement officer, which Pizarro had induced or willfully caused, or because Pizarro had threatened N.A. and his conduct was akin to threatening a co-defendant, witness, or juror. Furthermore, the basis for the enhancement is not clearly reflected in the record, because the district court did not make additional factual findings as to how the conduct—making a false statement to a law enforcement officer or threatening a person—warranted

the enhancement under the Guidelines.  Accordingly, we vacate and remand

Pizarro's sentence for further proceedings.

**VACATED AND REMANDED.**